UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PETER A. GRANDPRE #2508969

VERSUS

MARLIN GUSMAN,
JOHNATHAN GRIFFIN, Lt. CLEMONT
GRIFFIN, L. JOHNSON JR., R. JOHNSON,
C. CLARK, D. McDONALD, M. DOZIER,
D. CRUSE, Cpt. S. CARTER, Sgt. L. EVANS,
N. HOWARD, DR. BLAKE, DR. GRAY,
R. MORGAN, Cpt. M. JONES, R. PRICE,
JANELLE M. BAZILE, Sgt. S. HOUSE,
TIM HOOPER, JOHN DOE, sued in
their individual capacities

CIVIL ACTION
NO: **22-1923**

SECTION
**SECT. J MAG. 4**

1. Previous Lawsuits

A. Have you begun other lawsuits in state or
federal court dealing with the same facts
involved in this action or otherwise relating
to your imprisonment?

Yes( )   No(X)

TENDERED FOR FILING

JUN 23 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

B.    If your answer to A is "yes", describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to the previous lawsuit

        Plaintiffs  _____

        _____

        Defendants  _____

    2.    Court (If federal court, name of the district court; if state court, name the parish.) _____

    3.    Docket Number _____

    4.    Name of judge to whom case was assigned _____

    _____

    5.    Disposition (For example: Was this case dismissed? Was it appealed? Is it still pending?)

    _____

    6.    Approximate date of filing lawsuit _____

    7.    Approximate date of disposition _____

C.    Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?
Yes (✓) No ( )

If your answer is "yes", list the civil action numbers and the disposition of each case. You also must identify in which federal district or appellate court the action was brought.

_CorrectHealth, et al 16-1543, Grandere vs. Gusman_
_et al. 17-9935 United States District Court_
_Both of these cases were dismiss._

II.    PLACE OF PRESENT CONFINEMENT: _Orleans Justice Center_

A.    Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B.    Did you present the facts relating to this complaint in the prisoner grievance procedure? Yes (✓) No ( )

C.    If your answer is "yes",

    1.    Attach a copy of all administrative complaints you have filed regarding the claims raised in this lawsuit and copies of all prison responses. If copies are not available, list the number assigned to the complaint(s) and approximate date it was presented to the prison. _____

2

2.     As to each grievance compliant provided or listed above, have you exhausted or completed all steps in the procedure, including appeals? _yes_

D.     If your answer is NO, explain why you have not done so: _____

_____

_____

III. Parties

(In item A below, complete the following information.  Do the same for additional plaintiffs, if any.)

A.     Full Name of Plaintiff
       (First - Middle - Last) _Peter Anthony Grandpre_

       Prisoner Number _2508969_

       Address _P.O. Box 640696 Kenner, La 70064_

       Date of Birth _12-27-1987_

       Date of Arrest _01-15-2015_

       Date of Conviction _Pre-trial detainee_

3

# COMPLAINT WITH JURY DEMAND

## Introduction

This is a civil rights action filed by Peter A. Grandpre, a pre-trial detainee, for damages and injunctive relief under 42 U.S.C. 1983, alleging excessive use of force and denial of medical care in violation of the Eighth Amendment to the United States Constitution and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The plaintiff also alleges the torts of assault and battery and negligence.

## Jurisdiction

The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. 1331(1) and 1343.

The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367.

Parties

A. Defendant MARLIN GUSMAN is employed as the SHERIFF of the Orleans Justice Center. Address for service at 2800 Perdido St, New Orleans, La 70119. He is sued in his individual capacity.

B. Defendant JOHNATHAN GRIFFIN is employed as WARDEN of the Orleans, Justice Center. Address for service at 2800 Perdido St New Orleans, La 70119. He is sued in his individual capacity.

C. Defendant Lt. CLEMONT GRIFFIN is employed as Lieutenant of the Orleans Justice Center. Address for service at 2800 Perdido St New Orleans, La 70119. He is sued in his individual capacity.

D. Defendant L. JOHNSON JR. is employed as DEPUTY of the Orleans Justice Center. Address for service at 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

E.   Defendant R. JOHNSON is employed as
DEPUTY of the Orleans Justice Center.
Address for service 2900 Perdido St. New
Orleans, La 70119. He is sued in his ind-
ividual capacity.

F.   Defendant C. CLARK is employed as DEPUTY
of the Orleans Justice Center. Address for
service 2900 Perdido St. New Orleans, La 70119.
He is sued in his individual capacity.

G.   Defendant D. McDONALD is employed as
DEPUTY of the Orleans Justice Center. Address
for service 2900 Perdido St. New Orleans, La
70119. He is sued in his individual capacity.

H.   Defendant M. DOZIER is employed as DEPUTY
of the Orleans Justice Center. Address for
service 2900 Perdido St. New Orleans, La 70119.
He is sued in his individual capacity.

I.   Defendant Cpt. S. CARTER is employed as
CAPTAIN of the Orleans Justice Center. Address for
service 2900 Perdido St. New Orleans, La 70119.
He is sued in his individual capacity.

J. Defendant Sgt. L. EVANS is employed as SERGEANT of the Orleans Justice Center address for service 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

K. Defendant D. CRUSE ~~(redacted)~~ is employed as DEPUTY of the Orleans Justice Center. Address for service 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

L. Defendant N. HOWARD is employed as SUPERVISOR of the Medical Department at the Orleans Justice Center. Address for service 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

M. Defendant DR. BLAKE is employed as MEDICAL DIRECTOR of the Medical Department at the Orleans Justice Center. Address for service 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

N. Defendant DR. GRAY is employed as LPN, DOCTOR of the Medical Department at the Orleans Justice Center.

Address for service 2800 Perdido St. New Orleans, La 70119. She is sued in her individual capacity.

D    Defendant R. MORGAN is employed as DON of the Medical Department at the Orleans Justice Center. Address for service 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

P.    Defendant Cpt. M. JONES is employed as CAPTAIN of the Orleans Justice Center. Address for service at 2800 Perdido St. New Orleans, La. 70119. He is sued in his individual Capacity.

Q.    Defendant R. PRICE is employed as CLASSIFICA-TION of the Orleans Justice Center. Address for service at 2800 Perdido St. New Orleans, La 70119. She is sued in her individual capacity.

R.    Defendant JANELLE M. BAZILE is employed as CLASSIFICATION of the Orleans Justice Center. Address for service at 2800 Perdido St. New Orleans, La 70119. She is sued in her individual capacity.

S. Defendant Sgt. S. HOUSE is employed as Sergeant of the Orleans Justice Center. Address for service at 2800 Perdido St. New Orleans, La 70119. She is sued in her individual capacity.

T. Defendant TIM HOOPER is employed as WARDEN of the Louisiana State Penitentiary. Address for service at 17544 Tunica Trace Angola, La 70712. He is sued in his individual capacity.

U. Defendant JOHN DOE is employed as DEPUTY of the Orleans Justice Center, whose name is presently unknown to plaintiff. Address for service at 2800 Perdido St. New Orleans, La 70119. He is sued in his individual capacity.

V. Defendant JOHN DOE is employed as COLONEL of the Louisiana State Penitentiary, whose name is presently unknown to plaintiff. Address for service at 17544 Tunica Trace Angola, La 70712. He is sued in his individual capacity.

W.   Defendant JOHN DOE is employed as Lt.
     COLONEL of the Louisiana State Penitentiary
     whose name is presently unknown to
     plaintiff, Address for service at 17544
     Tunica Trace Angola, La 70712. He is sued
     in his individual capacity.

X.   Defendant JOHN DOE is employed as MAJOR
     of the Louisiana State Penitentiary whose
     name is presently unknown to plaintiff,
     Address for service at 17544 Tunica Trace
     Angola, La 70712. He is sued in his
     individual capacity.

Y.   Defendant JOHN DOE is employed as CAPTAIN
     of the Louisiana State Penitentiary
     whose name is presently unknown to
     plaintiff. Address for service at 17544
     Tunica Trace Angola, La 70712. He is
     sued in his individual capacity.

Z.   Defendant JOHN DOE is employed as LIEU-
     TENANT of the Louisiana State Penitentiary
     whose name is presently unknown to plaintiff.
     Address for service at 17544 Tunica Trace

Angola, La 70712. He is sued in his ind-
ividual capacity.

A.A. Defendant JOHN DOE is employed as MEDICAL
DIRECTOR of the Treatment Center
at the Louisiana State Penitentiary,
whose name is presently unknown
to plaintiff. Address for service at
17544 Tunica Trace Angola, La 70712.
He/she is sued in his/her individual
capacity.

A.B. Defendant JOHN DOE is employed as MEDICAL
SUPERVISOR of the Treatment Center
at the Louisiana State Penitentiary,
whose name is presently unknown to
plaintiff. Address for service at 17544
Tunica Trace Angola, La 70712. He/she
is sued in his/her individual capacity.

A.C. Defendant JOHN DOE is employed as L.P.N,
R.N of the Medical Department at the
Orleans Justice Center. Address for service
2800 Perdido St. New Orleans, La 70119. She is
sued in her individual capacity.

Statement Of Claim #1

## Facts

① On August 28, 2021 at approximate 2:10pm on 1-B-Pod location, I was standing at the entry door when I ask my deputy John Doe can I speak with an Ranking Officer about my location being move. ② The deputy told me yes, and as she was going out the door I ask her can I step in the hallway which she replyed yes, and I did as the door was closing behind.

③ The reason I wanted to speak with an Ranking Officer about my location move was because, the Orleans Justice Center is infected with Covid-19 at a all time high risk, ④ I am not Vaccinated. ⑤ Inmates and Deputy's or infected on a day to day basis. ⑥ Well Path Medical Department or not providing Covid-19 test after inmate(s) has tested positive in a timely matter as policy shall require.

⑦ I was on quarantine in cell #19m alone, where I wiped down and kept clean daily,

to try my best not to catch Covid-19
again in the facility.
⑧ Classification are just authorizing inmates
transfer to any pod location. ⑨ In a cell
with another inmate which you can not
quarantine or social distance your self.
⑩ You dont know who is sick. Nobody
has been tested. ⑪ The cells or not disinfected.
⑫ Face mask are not properly passed out
to prevent from catching the deadly
disease. ⑬ I was just trying to protect my
health.
⑭ The deputy then went out the main
inner lock door thats control only
by main control Center. ⑮ I heard some-
body said why Grandpa in the hall
way. ⑯ I replyed I needed to see Rank
in a loud out burst, as the door closed.
⑰ I then started talking to, two(2) in-
mate(s) out side the door of 1-A pod where
all inmates were tested positive for
Covid-19 and housed for quarantine.
⑱ You cant not be release from that
location unto you have been retested

for Covid-19, and test results come
back negative from the medical depart-
ment. ⑲ Then you are release back to
general population. ⑳ Which you still
has a high chance of catching Covid
within the 72 hours that you await
for test results to come back cause
some people test come back positive,
and you are still around those people.

## Misuse of force

㉑ Minutes later I notice there was a
"Special Response Team" (S.R.T) outside
1 (A-B) main inner lock door dressed in
full body gear with a protection shield
waiting to come thru the door.
㉒ I though nothing of it because they had
been going on (A)pod a few times that
week. ㉓ When they came thru the door it
was approximate six (6) (S.R.T.) deputy's
who was conceal with full face mask
to hide there identity, with no name
tags and helmets with face protection
shields.

Peter A. [signature]

24. The first two (2) (S.R.T.) deputy's had a large hand shield thats use for riots and/or very dangerous law enforcement situations,

25. Deputy L. Johnson Jr. was holding the left side of the shield, and deputy R. Johnson was holding the right.

26. Deputy C. Clark was behind L. Johnson Jr. along with deputy M. Dozier behind him. 27. Deputy D. McDonald was behind R. Johnson along with deputy D. Cruse behind him and John Doe.

28. As I try to step to the side thinking they were about to go thru the door, they came at me with mad force like a drill for military training and slammed they shield to my body making the side of my ribs slam into (A) pod steal door.

29. Then they slam me to the floor using unnecessary force. 30. Once I was on the floor deputy L. Johnson Jr. was chocking me with his hands around my neck.

31. Deputy L. Johnson Jr. also had his tactical gear knee brace press down

Peter A. Graper

below my mid back with force and pressure where I already suffer pain which has worsten since this incident.

32 He also had my head press down to the floor with force and his left knee with pressure on my left shoulder.

33 Deputy John Doe had my arms bent up in a very disconfort position to place excessively tight handcuffs around my wrist to the bone, max lock where the handcuffs cut thru my skin causing me to bleed out.

34 Deputy John Doe placed leg shackles backwards, max lock around my ankle bone so tight to where I couldn't walk because of the pain which left my left ankle swollen and brused for days.

35 Special response team (S.R.T.) then picked me up off the floor by continuing to use unnecessary force by bending my arms in the air by my wrist.

They then force me to walk in a

bent over position that was so un-
pleasant and discomfortable, putting
a strain on my back, also Knowing
that those shackles were tight and
backwards around my ankles.
36 Once I was force out of 1(A-B) inner
lockdoor being held by the deputy's to
approach the elevator, there was app-
roximate eight (8) other S.R.T. deputy
members. 37 John Doe, John Doe, John Doe,
John Doe, John Doe, John Doe, John Doe,
John Doe who was dressed in full
tactical gear, 38 They all just stood there
at attention in a line side by side
and just watch me get handle like a
training dummy. 39 They all failure to
intervine with this unlawful act.
40 On the elevator they made me face the
back of the wall and get on my Knee's,
41 Once we got to the 2nd floor Medical
Department I set on the bench so the
nurse can take my vital's,
42 As the nurse was taken my vital's
deputy L. Johnson Jr. just continue to

Petr A. [signature]

bend my wrist for no reason at all.

43. Just being malicious out of spite.

44. After my vital's was done, the nurse did no other type of physical examination or body check.

45. The S.R.T then picked me up off the bench still trying to force me to walk in the bent over position.

46. I could'nt because the shackles was cutting thru my skin around my ankles of the bone with the pain rated ten (10).

47. Thats when all the S.R.T. deputy's picked me up in the air and held me like I was a coffin back onto the elevator.

48. Once the elevator open to the 3rd floor, once again there was approximate eight (8) S.R.T. deputy's standing at attention in full tactical gear.

49. It was John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe who failure to intervine once again.

50. They took me to 3-C pod which is disciplinary lock down location. They carry me to cell #15 bottom and layed me on the

dirty floor, (51) I ask them not to because
of the risk of the Covid-19 disease, and
they still did so.

(52) As I was laying on my stomach S.R.T
deputy John Doe uncuffed me and removed
the shackles from around my ankles.

(53) After that they moved as a drill back-
wards in slow motion and locked the
cell door.

(54) I was then ask by the Ranking officer
Lt. Clemont Griffin thats over the S.R.T.
to give him the gray sweat pants I had
on, which I did after I ripped them up.

(55) All the S.R.T. members then just stood
in front of my cell looking at me with
the body camera active, with Ranking
officer(s) Sgt. L. Evans, Lt. T. Picard and
Cpt. S. Carter.

(56) I then requested to call my attorney
A.S.A.P who was Sierra Thompson at
that time, because I had did nothing
for force to be used on me, (57) During
this event I never posed no threat
of any kind.

58) I never put up any type of resistance.
59) Nor did I ever refuse any order because
any was never given. 60) I also requested
to speak with the social worker and a
nurse to get medical treatment.
61) When the social worker arrived to assist,
I told her that I was on lockdown for
no reason and didn't do any thing for
force to be used on me. 62) I showed her
I was bleeding from the wrist and
bruised up real bad. 63) I requested that
she call my attorney Sierra Thompson,
which I gave her the phone number and
she walked off the pod.

Denial of Medical Care

64) When the medical nurse John Doe arrived
assisted with Cpt. S. Carter, Sgt. L. Evans
and deputy John Doe, I told her that
I needed to see a Doctor because I need-
ed X-rays on my ribs, mid back and
right and left wrist for possible fracture(s)
from excessively tight handcuffs from

force being used. (65) All nurse John Doe wanted to do was clean bloody wound on my right wrist. (66) I told her that I was in pain and needed to see a Doctor for physical examintion. (67) As I was talking she walked off with her cart, denying me adequate medical help, along with everyone stated that was with her to assist.

### Denial Of Due Process

(68) At approximate 3:05pm, I requested my legal mail, legal material(s) and hygiene items as in, my medicated soap, dry skin lotion, Hydrocortisone cream, USP 1% and Hydrocortisone cream USP 2.5% thats needed for my skin eczema, from the deputy that was requesting my name and armband number to store my property. (69) I was told that I couldn't have any of my property. (70) I was left in a empty cell with nothing. Also no disciplinary write up was ever provided as well.

Hunger Strike for Medical Assistance

(71) For last chow on 3-C pod I started a hunger strike to get Medical attention. (72) At approximate 7:00pm roll call I told deputy John Doe 4 that I was on hunger strike and I was in need of medical help. (73) I also requested to see social worker. (74) Deputy told me he would make the call but any one never showed up.

(75) On August 27, 2021 at breakfast time I refused my 2nd tray to get medical help. (76) No one still never came.

(77) At approximate 9:00am that morning on August 27, 2021, I was told over the speaker in my cell #15 bottom get ready I had an attorney visit.

(78) I waited for hours to see my attorney and never did anyone come to get me.

(79) No one also never gave me any information as to why I was deny.

(80) At lunch time chow that was conducted by the deputy (81) I refused my tray which was my 3rd miss meal

Pet A. [signature]

hoping that someone would come to check to see why I am on strike and not eating. ㉒ No social worker and/or medical staff never came to assist.

㉓ During the between time of lunch and last chow Sgt. L. Evans came walking thru the middle of the pod. ㉔ I was standing at my window when I ask why was I refused to see my attorney and why haunt any social worker or nurse came to see me yet?

㉕ I also told him that I am injure and in pain. ㉖ He didn't give any attention or any answer.

㉗ At last chow which was conducted by the deputy. ㉘ I refused my 4th food tray to continue my hunger strike. ㉙ I ask the deputy to call Rank for me, she agreed to do so, but Rank never showed up.

㉚ After approximate 7:15 pm shift change Cpt. Steele came on 3-c pod for armband check for possible emergency evacuation for Hurricane IDA.

㉛ Once she got to my cell #15 bottom, I spoke

Peter H. Granger

with her standing at my cell door
letting her know that no one from the
medical and/or social worker department
have never came to assist me for any
of my concerns or injuries. (92) I told her
that I was hurting and in alot of pain
and needed to see a doctor. (93) I was
having mid back pain. (94) Both of my
wrist felt fracture from excessively tight
handcuffs. (95) They was bruised, swollen
and cuts around my wrist which I
showed her. (96) My left ankle was bruised
real bad and swollen. (97) I told her my
left shoulder rotator was in pain and
the side of my ribs from use of force.
(98) I also showed her that I had a bad
brush burn that was bleeding on my
knee.
(99) I also mention to Cpt. T. Steele that
nobody had brought me any hygiene
things that I needed. (100) I was just sitting
in an empty cell with a mattress and
a blanket. (101) I had no soap, tooth
brush, tooth paste, wash towels or

Pete A. _____

changing clothing.

(102) I also was never able to shower, and I was still on hunger strike. She compromised with me as into getting me the hygiene things I needed thats provided by the facility and getting me some sandwiches to put some food on my stomach. She said any thing about me seeing a social worker, nurses or Doctor(s).

(104) She did get me a bar of soap, a wash towel, tooth brush and tooth paste.

(105) She also gave me some sandwiches as well. (106) She finish conducting her armband check around the pod and left the location.

(107) On August 28, 2021 on 3-C pod breakfast was serve at approximate 3:00 am by the pod deputy.

Hurricane IDA Evacuation

(108) On August 28, 2021, Sheriff Marlin Gusman along with all his other Super-

intendent(s), Superior(s) and/or Super-
visory official(s) emergency evacucted
me along with all the other inmate(s)
that were housed at the Orleans Justice
Center (O.J.C) in a shambolic fashion to
the Louisiana State Penitentiary (L.S.P) to
be housed for Hurricane IDA with a
Mandatory Social Distance and Mask
Mandate effetive authorize by the
FDA and President of the United States.
(109) At approximate 11:00AM on 3-C pod I was
ziptie by my injure left wrist to an
unknown inmate. (110) I was then took to the
parking garage of O.J.C. and placed on
a school bus at a full capacity with
other inmates. (111) Nobody on the bus was
6 feet apart to social distance. Nor did
everyone had a mask on to the mask
mandate. (112) There was no sandwish bags
or water provided for the course of
this evacuation. (113) The last meal was provided
at approximate 3:00 am on 3-c pod.
(114) When the school bus made it to L.S.P.
after long road distance hour(s) of dis-

Pete A. [signature]

comfort, being hungry and frustrated into the Main Prison of Angola, me along with the other inmate(s) departed into the visitation hall to be strip search by L.S.P. officer(s).

(115) At approximate 11:00pm Ranking officer(s) John Doe, John Doe, John Doe, John Doe of L.S.P. via transported me, along with about (135) other inmate(s) into a non-liveable Oratory Chapel of L.S.P. main prison. (116) There were multiple mattress all over the floor, with only a sheet and blanket. (117) There were no hygiene or clothing provided. (118) Any of the mattress was 6 feet apart as to the social distance mandate that was effective.

(119) No food was provided until August 29, 2021 at approximate 6:00AM. (120) I didn't get to shower until August 30, 2021 which was outside of the chapel in portable showers.

(121) You had to put the same undergarments and jumpsuit because you had no changing clothes. (122) A new jumpsuit wasn't provided until September 4, 2021.

123  You still couldn't shower everyday because of the amount of inmate(s) present in the Chapel and security reason(s).

124  September 3, 2021 was the first time me along with the fellow inmate(s) got one (1) (4) hour disposable mask to protect our health from Covid-19 with a mandatory mask mandate effective.

125  Which only selective inmate(s) received one due to shortage and the amount of inmate(s) present.

126  Classification also allow inmates that was positive for Covid-19 to be housed in the Chapel, with me along with other(s) who were not positive for Covid-19.

127  They had inmate(s) that came from 1-A pod at the Orleans Justice Center where all the inmates who test positive for Covid-19 or and were housed at that time.

128  It took a few days before the Medical Staff of "Well Path" was able to give medication or provide wound care etc.

129  There were no way to fill out medical sick call forms to get assist with any

of my injuries or any kind.

(130) L.S.P. also did not provide any medical assistant as well. For ten (10) days being housed at the L.S.P. both of my wrist were in pain and bruised real bad.

(131) I had mid back pain, and soreness to my left shoulder. (132) More pain on rotation.

(133) My left ankle bruised and swollen real bad. My left index finger down to my wrist was numb as well.

(134) When I did get seen by nurse John Doe for wound care, she told me just let the boursh burn on my right knee heal up as well as the wound that was on my right wrist from tight hand-cuffs, because she didn't have the (135) health care things she needed. She also didnt have any thing to provide for my eczema. (136) No soaps I need or creams, because of Sheriff Marlin Gusman, and Well Path Director and Supervisor disorganized evacuation policy's.

(137) For (10) ten days of sleeping on a flat mattress on a concret floor, were

you had also had to eat everyday un-
comfortable because there was no eatting
area(s). (137) You had fly's and nets flying
all over. (139) All over your food while you
trying to eat. (140) They had bugs, roaches and
spiders crawling around while you try-
ing to sleep. (141) No cleaning supplies was
provided to disinfect properly to prevent
from catching Covid-19. (142) I never once
got tested fo- Covid-19 my stay at L.S.P.
(143) No temperature were ever taken.
(144) The (2) two restrooms thats apart of the
chapel were not disinfected properly.
(145) There was trash all over the floor. (146) Dirt,
dusk and bacteria. (147) Track marks of urine
and other feces all over the restroom
and chapel floor.
(148) They had inmate(s) that was sick with
Covid-19 symptoms, sneezing and coughing
all over. (149) The (4) four portable shower(s)
that were outside were completely
unsanitary, nasty and dirty everyday.
(150) The Orleans Justice Center or the
Louisiana State Penitentiary didn't

provide no necessary hygiene or cloth-
ing that were needed. (151) The Chapel was
a fire haphazard. (152) Cause the (2) two back
doors was barricaded off with pianos
and benches which made it one way
in, one way out.
(153) It was a complete disfuntion, disorganized
dister. (154) There were no way to contact
your family or lawyer. (155) This whole policy
system set up was depressing, overwhelm-
ing, sad and stressful. (156) This was a very
dangerous and unhealthy environment
and could have led to be injurious and/or
fatal. (157) Its really a sad situation how
supervisory official(s) reacted in such care-
less, harmful, harsh and cruel way and
didn't care of what could have been the
outcome of a tragedy in a pamdemic by
allowing the (L.S.P) to housed over a
(140) inmates in that oratory chapel.
(158) Being vaccinated does not prevent
you from cataching Covid-19. (159) I am not
vaccinated and my life was placed in
danger.

Pete A. [signature]

160   Sheriff Marlin Gusman along with his highest Ranking supervisory official(s), commander(s) in chief deliberately jeopardize my life along with everybody else placing us in harms way where death can be cause.

161  The Sheriff showed no care at all to ensure that the inmate(s) that was custody of the Orleans Justice Center had any of the things that should have been provided to ensure safety, clean clothing, mask, sanitation products, food, water or Covid-19 testing to ensure people was Covid-19 free to protect me or my fellow inmate(s) and/or his employee's health.

162  The Sheriff provided nothing to be of certain that his deputy's had the material or necessities to provide for me and the inmates of Orleans Justice Center that they were left to supervise.

163  The sheriff has no care or remorse for not only me or the other inmate(s), but his deputy's as well, because he

Peter A. [signature]

endanger all our lives allowing the
Louisiana State Penitentiary (L.S.P) to
housed us in a environment with people
that was sick with the Covid-19 disease
in unliveable conditions and without
social distance.

(164) This was done deliberate because the
Medical Department Supervisory staff
knew those inmate(s) were sick with
Covid because of there test results and
there housing location of being on quar-
antine at the O.J.C.

(165) Also that should have been the most
monitor inmate(s) of the jail for health
purpose to ensure the safety of others,

(166) Classification Supervisory official(s),
director, supervisor(s) most certain had
common knowledge of the inmate(s) that
was positive for Covid-19 because they
classify the inmate(s) and no inmates
moves unless classification authorize
the location move. (167) They also knew that
those inmate(s) were post to be seg-
regated from me and all other pop-

Rt H. [signature]

ulated inmate(s).

(168) Its no way they was post to lose site of a serious situation and make such error being careless with other(s) lives when death and/or harm can be cause.

(169) All supervisory official(s), Deputy(s), Rank(s) knew this was unlawful and endangerous to others safety and health

(170) They also knew that these evacuation policies were loaded with a multitude of United States Constitutional violation(s) and didn't do any thing to correct it or report Higher Authority for such careless policies.

(171) From August 28, 2021 until September 6, 2021 I couldn't receive any adequate medical treatment at all. (172) If Ranking official(s) would have reported that I was injure from use of force and took proper action(s) I should have been able to get treated at the L.S.P. Treatment Center, for X-rays and all other listed injuries.

(123) On September 6, 2021 me along with a large amount of inmate(s) at approximate 3:00am was transported by D.O.C back to the Orleans Justice Center by van at a maximum capacity.

(124) Before I departed L.S.P. I never was Covid tested or was my temperature taken.

(125) Once I arrived back to the Orleans Justice Center I was sent back to my housing location 3-C pod cell# 15 bottom where I was assign before I departed August 26, 2021.

(126) When breakfast arrived at approximate 11:29am I refused that tray to began my hunger strike again, for the needs of medical assistance, and to be removed off lock down.

(127) At approximate pill call, I requested medical attention from nurse John Doe and a medical request form to still get no help. (128) Later that day I was able to use the phone to contact my family and let them know I was ok and

Peter A. Granger

but was in need of medical attention.

(179) I contacted my attorney by voicemail and requested that she contact the jail to request that I get medical attention.

(180) She Email the Warden of the Orleans Justice Center and Well Path medical department requesting that I get medical treatment and nothing still never happen.

(181) At approximate 2:40 pm which lunch was passed out (182) I refused that tray to continue my hunger strike which was my 2nd miss meal. (183) I also requested to see a social worker which no one never showed up.

(184) At approximate 5:00 pm last chow, I also refused that tray as well which was my 3rd miss meal. (185) At last pill call at approximate 8:20pm I requested medical assistance from nurse John Doe, I also requested a medical request form. (186) She did pill call around the pod ignored all my request and left off the pod. (187) She then let the pod deputy come bring me my meds.

(188) On September 7, 2021 at breakfast time I refused that tray as well to continue my hunger strike which was my 14th miss meal.

(189) At approximate 11:19am pill call, I requested medical help and a medical request form again with negative results.

(190) At lunch time I broke my hunger strike for Cpt. Steele which I was released off lockdown and sent back to general population.

(191) Classification housed my location on 4-B pod cell#14m with in unknown inmate, without me ever being Covid-19 tested.

(192) The next Covid test was provided October 4, 2021 on 4-B pod.

(193) Also there never was any disciplinary board hearing held against me for any charges.

Pete A. Graaf

Statement Of Claim #2

Facts

(194) On July 16, 2021 I was release from the Louisiana State Penitentiary and sent to the Orleans Justice Center to be housed for detainer. (195) At the Medical station at intake process I explain to the nurse that I was in need of X-rays on my mid back and that I was receiving physical therapy treatment at Angola, (196) I also explain that I had chemical agent burns to my skin and was in need of treatment because my skin gets inflame because of my eczema.

(197) I was then housed on 1-B pod for quarantine.

Denial Of Medical Care

(198) On 1-B pod I requested medical attention and X-rays on the kiosk. (199) A few days later I was seen by Dr. Gray who (200) deny me X-rays saying that Well Path didn't have the funds to be providing me X-rays.

Pete A. [signature]

(201) In that month of July 2021 I was tested one(1) time for Covid-19 which my test results were negative because I would have been told other wise and moved to 1-A pod.

(202) Multiple other inmate(s) test results did in fact come back positive and they were moved to 1-A pod for quarantine. (203) After those inmate(s) tested positive that auto-matic starts the whole process of quaran-tine over for the whole pod. (204) Within that process classification was just housing inmate(s) from intake onto the pod without being tested for Covid-19 while we were on quarantine.

(205) On July 28, 2021 I had became very sick with Covid-19 symptoms. (206) I had got so over heated and felt like I was about to pass out. (207) Nurse John Doe was conducting pill call with deputy R. Johnson when I asked her to please check my temperature and she deny me. (208) I had became very aggravated and upset and told the nurse its sad that y'all don't want to do y'all job as required.

Peter H. Guy

(209) The next day male nurse John Doe came to see someone at #9 bottom and I ask him to please check my temperature because the night before I was over-heated and felt like I was about to pass out. (210) He then checked my temperature which was (99.7).

(211) He told me that I had a slight fever. (212) He never reported that or notify anyone of that. (213) On July  2021 I had completely lost my smell and taste.

(214) I thought that I was going to die.

(215) I remember telling nurse John Doe that I couldn't smell anything. (216) She went in her pill cart and pull out vick's vapor rub, open the top and told me to sniff it. (217) I took a long hard sniff with my nose inside of the jar and didn't budge. (218) All the nurse did was told me to drink alot of water and to stay hydrated. (219) I called my family and told them that I was sick with Covid-19. (220) My family made me an online store ordering me Ice tea, cough drops, Sinus medication to try help me get well.

Patrick A. [signature]

(221) I worked out everyday to sweat and try get the mucus that was built up in my chest out. (222) I quarantine myself because I was scared to let the facilitate housed me on 1-A pod because they were putting inmates that were positive in the same cell with each other which is not quarantine or being (6) feet apart. About (18) teen days later my smell and taste came back. (223) Thank God!

(224) On September 5, 2021 I seen nurse John Doe for assessment. (225) On September 18, 2021 at approximate 10:50 am I seen nurse John Doe on 4-B for assessment for my request form and never got to see a doctor. (226) Also my September 13, 2021 request was missing. (227) On September 20, 2021 I turned in another medical request form requesting medical attention, for my injuries from use of force and never got to see a doctor.

(228) On October 11, 2021 on 4-B pod I turn in another sick call form requesting medical attention for pill call.

Rob A. Dulpen

(229) I still never got to see a doctor.

(230) On October 18, 2021 I turn in another medical request form trying to see a doctor for treatment and still never got to see a doctor.

(231) On November 1, 2021 at approximate 11:17am I turn in another medical request form seeking medical attention. (232) On November 13, 2021 on 4-B pod I turn in another medical request form requesting to see a doctor for my injuries and still never got to see the doctor. (233) On November 14, 2021 at approximate 3:15pm I turn in another medical request form for medical attention. (234) On November 29, 2021 I was seen by nurse John Doe for assessment which she took my vital's and referred me for X-rays.

(235) On November 30, 2021 on 4-B inner lock hallway I took X-rays on my mid back. (236) Later that day nurse John Doe came saw me and told me nothing was wrong with my back and started smiling. (237) I told her I dont know how I am in pain and hurting everyday. (238) She then walked off.

Pet A. Guf

(239) On December 17, 2021 on 3-B pod is when the next Covid-19 test was provided again.

(240) On January 11, 2022 I sent out a (2) page medical request form requesting to see a doctor. (241) Nurse John Doe that was conducting pill call on 3-B pod ask me when did I take X-rays?

(242) I told him November 30, 2021. (243) He told me that he was going to review my medical chart and see what was going on.

(244) On November 29, 2021 I also told him was the day the nurse reffed me for X-rays.

(245) On January 12, 2022 for pill call on 3-B pod nurse John Doe told me he had reviewed my chart and he only saw X-rays that were taken of my wrist.

(246) After I had received that information from nurse John Doe I filed a grievant's about my medical records being tampered with and/or annihilated.

(247) On January 19, 2022 I was seen by mental health social worker Mr. Trudeau for grievants number #636863. (248) He talk to me for about 10 seconds and told me he would come see me the next day.

Later that day I was called on my speaker by the CMT with Mr. Trudeau on the phone. (249) He told me that I had a appointment to see the doctor January 20, 2022, and the X-rays that were took on my back were log January 8, 2022.

Statement Of Claim #3

Facts

(250) On January 21, 2022 I was housed from 3-C pod to 2-E pod by classification.

(251) I was sent to cell #14 bottom with in unknown inmate in a dirty and nasty cell.

(252) I wasn't provided any cleaning chemicals to disinfect nor was any mask provided to protect my health as to the mask mandate.

(253) On February 8, 2022 on 2-E pod (3) three people from a Medical organization came and tested the whole pod for Covid-19.

(254) On February 11, 2022 when the test results came back (3) three people off 2-E pod tested positive.

Peter A. Shp

(255) (1) one inmate out of cell # 18 bottom, (1) one inmate out of cell # 18 top, and (1) one inmate out of cell # 13 top.

(256) Later that day those (3) three inmate(s) were removed off 2-E pod and relocated to 1-F pod to be housed for quarantine.

(257) After being in direct contact with those (3) three inmates for three days before they were removed I figure we would be getting tested again A.S.A.P which is require by the State and FDA, and the President of the United States.

(258) On February 11, 2022 Cpt. Mark Jones finally decided to get all the inmate(s) on the pod (1) one (4) four hour disposable mask, but no chemicals to disinfect properly. (259) After the weekend pass nobody never came to check anyone's temperatures or retest anyone for Covid-19 as the Covid policies should require.

(260) On February 20, 2022 that morning I used the toilet and my stool was like running water. (260) Thru out the day I was coughing and sneezing.

Pete A. Grupe

262) I started spitting up mucus that was very thick and dark greenish.

263) My chest muscles became very tight and my breathing became difficult.

264) I tryed not to think that I was having Covid symptoms, but the symptoms continued and had worsten.

265) On February 23, 2022 I placed a medical request form in the request box on 2-E pod requesting to be tested for Covid-19 for the safety of my health and other(s).

266) Later that day I was told to pack my property and relocated to 3-C pod for disciplinary. 267) I was moved to 3-C pod cell #18m with an unknown inmate in a nasty, dirty, tainted, dusty, unsanitary cell which the inmate could of had covid or myself as well. 268) But we were not tested. 269) The unknown inmate was release out the cell the very next day back into general population.

270) No one from the medical department never came to check on me or test me for Covid-19.

(271) On March 1, 2022 I showed deputy D. Cruse that I was spitting up dark greenish mucus and I address all the above symptom(s) and told him I needed to be tested for Covid-19.

## Denial of Medical Care

(272) On March 1, 2022 D. Cruse advise me that he had talk to someone from the medical department that morning and they were post to come test me but they were not qualify to do so.

(273) On March 15, 2022 I filed an grievants because no one came to see me or ever get me tested for Covid-19.

(274) I was left in a cell never to get any cleaning chemicals or anything.

(275) I did (34) days on 2-E pod and only received (1) one mask.

(276) I didn't received a Covid-19 test until March 29, 2022.

Pete A. Graf

# Claims For Relief

277) The actions of defendants L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, and John Doe in using physical force against plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United State Constitution.

278) The actions of defendants L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, and John Doe in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery under the law of Louisiana.

279) The actions of defendant Lt. Clemont Griffin in failure to act, to curb the misuse of force of the Special Response Team (S.R.T.) constituted deliberate indifference to the

plaintiff's safety and contributed to and proximately caused the above-described violation of Eight Amendment rights and assault and battery, failure to report that the plaintiff was in need of serious medical treatment constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

280. The actions of defendants Cpt. S. Carter and Sgt. L. Evans in failure to take actions, failure to intervene, failure to report that the plaintiff was in need of serious medical treatment constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

281. The actions of defendants N. Howard, Dr. Blake, Dr. Gray, and R. Morgan in failure to take actions, failure to respond to medical complaints, failure to ensure that the plaintiff receive adequate medical treatment, failure to provide timely Covid-19 testing, failure to treat, failure to report the curb pattern of classification

housing the plaintiff along with other inmates without being Covid-19 tested, or social distance, failure to report that classification deliberately housed inmates that were positive for Covid-19 around the plaintiff, failure to follow the Covid-19 protocol policies to ensure that the plaintiff's living environment is safe for health purpose, failure to follow medical protocol policies, failure to protect, failure to take actions that the plaintiff's request for medical treatment was being ignored all constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

282. The actions of defendants Cpt. M. Jones and Sgt. S. House in failure to follow Covid-19 protocol requirements, failure to follow Covid-19 policies to ensure that the plaintiff's living environment is safe for health purpose, failure to protect, failure to report that the medical department is not re-covid-19 testing after inmates has tested positive, failure to report the curb pattern of class-

ification housing the plaintiff along with other inmates without being Covid-19 tested, or social distance, failure to provide mask accordingly with the mandatory mask mandate order, failure to social distance with the mandatory social distance order all constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

283) The actions of defendant R. Price and Janelle M. Bazile for failure to protect deliberately housing the plaintiff with inmates that were positive for the Covid-19 disease, failure to housed the plaintiff alone for mandatory social distance, failure to follow Covid-19 protocol and policies, failure to report higher authority for violations of the Covid-19 policies and protocol all constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

284) The actions of defendant Johnathan Griffin for failure to take actions against defendants

L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, Lt. C. Griffin, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe to prevent the misuse of force against the plaintiff, failure to curb the pattern of misuse of force against the Special Response Team (S.R.T.), failure to take actions against defendants L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse and John Doe for assault and battery against the plaintiff, failure to ensure that the plaintiff receive medical treatment, failure to take actions that the plaintiff request for medical treatment was being ignored, failure to respond to complaints, failure to follow policy guidelines, failure to enforce staff to follow Covid-19 protocol and policies to protect the plaintiff, failure to report higher authority for viola- tions of Covid-19 mandatory mask mandate, and social distance policies to ensure that the plaintiff's environment is safe for health purpose all constituted deliberate indifference in violation of the Eighth Amend- ment to the United States Constitution.

255. The actions of defendants John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe for failure to act, failure to intervene, failure to report all constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

256. The failure of defendant Marlin Gusman to take actions against L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, and John Doe for assault and battery against the plaintiff, failure to take actions against Lt. C. Griffin to curb the misuse of force against the plaintiff and/or take appropriate actions against the Special Response Team, his failure to respond to the plaintiff complaints, failure to take actions that the plaintiff request for medical treatment was being ignored, failure to enforce Covid-19 policy guidelines, failure to protect, failure to provide safe liveable conditions, failure to follow Covid-19 protocol and/or policies to ensure the plaintiff living enviroment

was safe for health purpose, failure to take actions against the medical department for denial of medical treatment to the plaintiff, failure to provide Covid-19 testing all constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

257) The actions of defendant Tim Hooper for failure to follow the Covid-19 protocol requirements, failure to follow Covid-19 policies to ensure the plaintiff living environment was safe for health purpose, failure to provide safe liveable conditions, failure to provide medical treatment, failure to provide Covid-19 testing, failure to place plaintiff in an environment to social distance with the mandatory social distance order, failure to provide mask with an mandatory mask mandate order, failure to protect, failure to report higher authority for violations of Covid-19 policies and/or protocol, failure to take actions all constituted deliberate

indifference in violation of the Eight
Amendment to the United States Const-
itution.

288. The actions of defendants Col. John Doe,
Lt. Col. John Doe, Major John Doe, Cpt. John,
Doe, Lt. John Doe, in failure to take
actions, failure to report higher authority
for violations of Covid-19 policies and/or
protocol, failure to protect, failure to
provide safe liveable conditions, failure
to provide medical care, failure to provide
Covid-19 testing, failure to follow Covid-19
protocol and/or policies to ensure that
the plaintiff living enviroment was safe
for health purpose all constituted
deliberate indifference in violation of
the Eighth Amendment to the United
States Constitution.

289. The actions of defendants John Doe, medical
director and John Doe, medical supervisor
in failure to protect, failure to report
higher authority for violations of the
Covid-19 policies and/or protocol, failure

to provide medical treatment, failure to provide Covid-19 testing, failure to follow Covid-19 protocol and/or policies all constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

## Relief Demand

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issuse a declaratory judgment stating that:

① The physical force and misuse of force of the plaintiff by defendants L. Johnson Jr, R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, and John Doe violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

② Defendant Lt. Clemont Griffin in failure to act to curb the misuse of force and/or physical force violated the plaintiff's rights

under the Eighth Amendment to the United
States Constitution and constituted an assault
and battery under state law.

③ Defendants Cpt. S. Carter and Sgt. L. Evans
failure to take actions, failure to intervene,
failure to report that the plaintiff was in need
of serious medical treatment violated the
plaintiff's rights under the Eighth Amendment
to the United States Constitution.

④ Defendants N. Howard, Dr. Blake, Dr. Gray and
R. Morgan failure to take actions, failure to
respond to medical complaints, failure to ensure
that the plaintiff receive adequate medical
treatment, failure to provide timely Covid-19
testing, failure to treat, failure to report
the curb pattern of classification housing
the plaintiff along with other inmates with-
out being Covid-19 tested, or social distance,
failure to report that classification deliberately
housed inmates that were positive for Covid-19
around the plaintiff, failure to follow the
Covid-19 protocol policies to ensure that the
plaintiff's living environment is safe for

health purpose, failure to follow medical pro-
tocol policies, failure to protect, failure to take
actions that the plaintiff's request for medical
treatment was being ignored violated the
plaintiff's rights under the Eighth Amendment
to the United States Constitution.

(6) Defendants Cpt. M. Jones and Sgt. S. House
failure to follow Covid-19 protocol requirements,
failure to follow Covid-19 policies to ensure that
the plaintiff's living environment is safe for
health purpose, failure to protect, failure
to report that the medical department is
not recovid-19 testing after inmates has
tested positive, failure to report the curb
pattern of classification housing the plaintiff
along with other inmates without being Covid-19
tested or social distance, failure to provide
mask accordingly with the mandatory mask
mandate order, failure to social distance with
the mandatory social distance order violated
the plaintiff's rights under the Eighth Amend-
ment to the United States Constitution.

⑥ Defendants R. Price and Janelle M. Bazile failure to protect deliberately housing the plaintiff with inmates that were positive for the Covid-19 disease, failure to housed the plaintiff alone for mandatory social distance, failure to follow Covid-19 protocol and policies, failure to report higher authority for violations of the Covid-19 policies and/or protocol violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

⑦ Defendant Johnathan Griffin failure to take actions against defendants L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, Lt. C. Griffin, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe to prevent the misuse of force against the plaintiff, failure to curb the pattern of misuse of force against the special Response Team (S.R.T.), failure to take actions against defendants L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse and John Doe for assault and battery against the plaintiff, failure to ensure that the plaintiff receive medical treatment, failure to

take actions that the plaintiff request for
medical treatment was being ignored, failure
to respond to complaints, failure to follow
policy guidelines, failure to enforce staff to
follow Covid-19 protocol and/or policies to
protect the plaintiff, failure to report higher
authority for violations of Covid-19 mandatory
mask mandate and social distance policies
to ensure that the plaintiff's environment
is safe for health purpose violated the plain-
tiff's rights under the Eighth Amendment to
the United States Constitution.

④ Defendants John Doe, John Doe, John Doe, John Doe,
John Doe, John Doe, John Doe, John Doe for
failure to act, failure to intervene, failure to
report violated the plaintiff's rights under the
Eighth Amendment to the United States Const-
itution.

⑤ Defendant Marlin Gusman failure to take actions
against L. Johnson Jr., R. Johnson, C. Clark, D. Mc-
Donald, M. Dozier, D. Cruse, and John Doe
for assault and battery against the plaintiff,
failure to take actions against Lt. C. Griffin

to curb the misuse of force against the plaintiff and/or take appropriate actions against the Special Response Team, failure to respond to the plaintiff complaints, failure to take actions that the plaintiff request for medical treatment was being ignored, failure to enforce Covid-19 policy guidelines, failure to protect, failure to provide safe liveable conditions, failure to follow Covid-19 protocol and/or policies to ensure the plaintiff living environment was safe for health purpose, failure to take actions against the medical department for denial of medical treatment to the plaintiff, failure to provide Covid-19 testing violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

(10) Defendant Tim Hooper failure to follow the Covid-19 protocol requirements, failure to follow Covid-19 policies to ensure the plaintiff living environment was safe for health purpose, failure to provide safe liveable conditions, failure to provide medical treatment, failure to provide Covid-19 testing, failure to place

Plaintiff in an environment to social distance
with the mandatory social distance order,
failure to provide mask with an mandatory
mask mandate order, failure to protect,
failure to report higher authority for vio-
lations of Covid-19 policies and/or protocol,
failure to take actions violated the plaintiff's
rights under the Eighth Amendment to the
United States Constitution.

⑪ Defendants Col. John Doe, Lt. Col John Doe, Major
John Doe, Cpt. John Doe, Lt. John Doe failure to
take actions, failure to report higher authority
for violations of Covid-19 policies and/or protocol,
failure to protect, failure to provide safe livea-
ble conditions, failure to provide medical care,
failure to provide Covid-19 testing, failure to
follow Covid-19 protocol and/or policies to ensure
that the plaintiff living environment was
safe for health purpose violated the plaintiff's
rights under the Eighth Amendment to the
United States Constitution.

⑫ Defendants John Doe medical director, and John
Doe medical supervisor failure to protect, failure

to report higher authority for violations of the Covid-19 policies and/or protocol, failure to provide medical treatment, failure to provide Covid-19 testing, failure to follow Covid-19 protocol and/or policies violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Marlin Gusman, N. Howard, Dr. Blake, Dr. Gray, R. Morgan, Johnathan Griffin and/or their agents to:

① Immediately write an recommendation to the Orleans District Attorney's Office and the Orleans Criminal District Court's that bail shall be immediately reduce to affordable for unvaccinated inmates and the plaintiff, of the Orleans Justice Center immediately due to the capacity and living conditions of the facility not being safe of the high risk of the Covid-19 disease;

② Immediately arrange for the plaintiff's need for physical therapy or other follow-up medical treatment to be evaluated by a medical

practitioner with expertise in the treatment
and restoration and function of the mid back
area; and

③ Carry out without delay the treatment directed
by such medical practitioner.

C. Award compensatory damages in the following amounts:
① $375,000 jointly and severally against defendants
L. Johnson Jr., R. Johnson, C. Clark, D. McDonald,
M. Dozier, D. Cruse and John Doe for the physical
and emotional injuries sustained as a result
of the plaintiff's misuse of force and physical
force.

② $200,000 severally against defendant Lt. Clemont
Griffin for his failure to act to curb the misuse
of force contributed to cause assault and battery,
physical and emotional injuries and all other
listed claims sustained as a result of the
plaintiff's misuse of force and physical force.

③ $100,000 jointly and severally against defend-
ants Cpt. S. Carter and Sgt. L. Evans for the
physical and emotional injuries resulting

from their failure to act, failure to intervene and failure to report the plaintiff was in need of serious medical treatment.

(4) $325,000 jointly and severally against defend-ants N. Howard, Dr. Blake, Dr. Gray and R. Morgan for the physical and emotional in-juries resulting from their failure to provide adequate medical care to the plaintiff and all other listed claims for relief in paragr-aph (281).

(5) $150,000 jointly and severally against defen-dants Cpt. M. Jones and Sgt. S. House for the physical and emotional injuries resulting from all other listed claims for relief in paragraph (282).

(6) $250,000 jointly and severally against defend-ants R. Price and Janelle M. Bazile for the physical and emotional injuries resulting from their failure to protect, failure to social distance, failure to follow Covid-19 protocol and policies, failure to report and all other listed claims for relief in paragraph (283).

⑦ $ 200,000 severally against defendant Johnathan Griffin for the physical and emotional injuries resulting from his failure to take actions and all other listed claims for relief in paragraph (284).

⑧ $ 300,000 severally against defendant Marlin Gusman for the emotional injuries resulting from his failure to take actions, failure to respond, failure to protect, failure to provide safe liveable conditions and all other listed claims for relief in paragraph (286).

⑨ $ 275,000 severally against defendant Tim Hooper for the physical and emotional injuries resulting from his failure to follow the Covid-19 protocol requirements, failure to follow Covid-19 policies, failure to provide safe liveable conditions, failure to provide medical treatment, failure to provide Covid-19 testing, failure to protect, failure to report and all other listed claims for relief in paragraph (287).

⑩ $ 125,000 jointly and severally against defendants Col. John Doe, Lt. Col John Doe, Major John Doe,

Cpt. John Doe and Lt. John Doe for the physical and emotional injuries resulting from their failure to take actions, failure to report, failure to protect, failure to provide safe liveable conditions, failure to provide medical care, failure to provide covid-19 testing and all other listed claims for relief in paragraph (288).

⑪ #325,000 jointly and severally against defendants medical director John Doe and medical supervisor John Doe for the physical and emotional injuries resulting from their failure to provide medical treatment, failure to report, failure to provide covid-19 testing and all other listed claims for relief in paragraph (289).

D. Award punitive damages in the following amounts:
① #50,000 each against defendants Lt. Clemont Griffin, L. Johnson Jr., R. Johnson, C. Clark, D. McDonald, M. Dozier, D. Cruse, Johnathan Griffin, Marlin Gusman, Tim Hooper;

② #30,000 each against defendants Cpt. S. Carter, Cpt. M. Jones, Sgt. L. Evans, Sgt. S. House,

N. Howard, Dr. Blake, Dr. Gray, R. Morgan, Col. John Doe, Lt. Col John Doe, Major John Doe, Cpt. John Doe, Lt. John Doe, medical director John Doe, and medical superviso John Doe;

③
$20,000 each against defendants John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, John Doe, and John Doe.

E. Grant such other relief as it may appear that plaintiff is entitled.

Plaintiff's Declaration
1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.
2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.
3) I understand that I am prohibited from bring a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that

they were frivolous, malicious, or failed to state
a claim upon which relief may be granted,
unless I am under imminent danger of
serious physical injury.

4) I understand that even if I am allowed to
proceed in forma pauperis, I am responsible
for paying the entire $400.00 filing fee and
any costs assessed by the Court, which shall
be deducted from my inmate account by my
custodian in installment payments as
prescribed by law.

Signed this ___8th___ day of ___June___, 20 22

Peter A. Grandpre  #2508969
_____
Signature of plaintiff

Peter Granapre #250896q
Orleans Justice Center
3300 Perdido Street
New Orleans, La 70119

United States District Court
Eastern District of Louisiana
Clerks Office
500 Poydras Street
Room C-151
New Orleans, La 70130

