UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PETER A. GRANDPRE**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　**NO. 22-1923**

**MARLIN GUSMAN, ET AL.**　　　　　　　　　　　　**SECTION "J"(4)**

**O R D E R**

　　　　Plaintiff Peter A. Grandpre filed a **Motion to Compel Discovery (ECF No. 21)** in connection with his *pro se* and *in forma pauperis* complaint brought under 42 U.S.C. § 1983. In the motion, he seeks an order compelling production of documents and responses from unspecified defendants. Grandpre asserts that he served defendants' counsel with the discovery on September 1, 2023, and has made multiple attempts to garner the responses through written communications with "defendants' counsel" to no avail. Despite this claim, Grandpre encloses copies of the documents provided to him by in-house counsel for the Orleans Parish Sheriff's Office. ECF No. 21-6, at 1.

　　　　Nevertheless, Grandpre is not entitled to an order compelling discovery at this time. The Court has pending before it a motion to dismiss the claims of a number of defendants, all of whom are represented by the Sheriff's Office counsel contacted by Grandpre. ECF No. 14. The undersigned Magistrate Judge has issued a Report and Recommendation which remains under review by the District Judge and which recommends that the claims against those defendants be dismissed. ECF No. 15. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *See Schultea v. Wood*, 47 F. 3d 1427, 1434 (5th Cir. 1995); *see also* Fed. R. Civ. P. 26(d).

In addition, some of the other defendants, to whom Grandpre's proposed discovery also relates, have not been served with summons or have not yet responded to Grandpre's complaint, factual allegations, or the substantive relief sought in the complaint or in this motion to compel. In other words, a majority of the defendants have not appeared in the case or enrolled counsel upon whom Grandpre could have served his discovery or consulted before filing this motion. To be clear, there is no indication that these other parties are represented by the attorney purportedly contacted by Grandpre. Thus, Grandpre has not demonstrated that these defendants were served with his discovery as required by Fed. R. Civ. Proc. 34 and/or 45 for this Court to compel any action. *See* Fed. R. Civ. Proc. 37(a)(3)(B); *Maloney v. St. Farm Fire & Cas., Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law).

For these reasons, an order to compel discovery at this time would be premature and will not be allowed. Accordingly,

**IT IS ORDERED** that Grandpre's **Motion to Compel Discovery (ECF No. 21)** is **DENIED** without prejudice to be reasserted at an appropriate time.

New Orleans, Louisiana, this  30th  day of January, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2