UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER A. GRANDPRE                                                  CIVIL ACTION

VERSUS                                                                      NO:      22-1923

SHERIFF MARLIN GUSMAN, ET AL.                        SECTION: "J" (4)

### ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 14)**, a Report and Recommendation of the United States Magistrate Judge **(Rec. Doc. 15)**, and Plaintiff's objections to the Magistrate Judge's Report and Recommendation **(Rec. Doc. 16).** For the reasons that follow, the Court finds that this matter should be recommitted to the Magistrate Judge.

In his complaint, Plaintiff Grandpre alleges that he was subjected to unnecessary force while in pretrial detention in the Orleans Justice Center ("OJC"). (Rec. Doc. 1). Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), contending that Grandpre failed to exhaust his remedies under the PLRA and only alleged *de minimis* injury (bleeding, swelling, and bruises). (Rec. Doc. 14). Grandpre did not file an opposition to the motion.

In the Report and Recommendation, the Magistrate Judge found that the incident Grandpre complained of occurred on August 26, 2021, but Grandpre did not initiate an administrative grievance within 90 days of the date of his injury or damage, as required by the DPSC administrative regulations for prisoner grievances and Louisiana's Corrections Administrative Remedy Procedures Act. (Rec. Doc. 15,

1

at 5-6). The PLRA requires compliance with prison grievance procedures for inmates to properly administratively exhaust each claim, and Louisiana's prisoner grievance system is codified in Louisiana's Corrections Administrative Remedy Procedure; La. R.S. § 15:1711, *et seq.*; and in DPSC's administrative regulations; La. Admin. Code tit. 22 § 325. Grandpre initiated his administrative request for review on January 11, 2022. *Id.* at 6. Because his administrative claim was untimely, the Magistrate Judge concluded that he abandoned his grievance claims and dismissed Grandpre's complaint with prejudice for failure to state a claim for which relief can be granted. *Id.* at 6-7. The R&R did not include analysis of Defendant's other exhaustion argument regarding Grandpre's failure to file a grievance appeal or analysis of Defendants' argument regarding *de minimis* injuries.

Grandpre filed objections to the Report and Recommendation, arguing in pertinent part that the OJC prisoner handbook states that there is no time limitation for inmates to file a complaint. (Rec. Doc. 27-1, at 9). Therefore, according to Grandpre, he complied with the prison grievance system, which is all that is required by the PLRA to properly exhaust his administrative remedies. *Id.* at 10.

Along with his objection, Grandpre filed excerpts from the Orleans Parish Sheriff's Office Inmate Handbook, which describes the Inmate Grievance System for resolution of serious problems or violations experienced by inmates. (Rec. Doc. 27-2, at 5-6). This section states that inmates should "please provide as much information about any individuals involved or referenced in the grievance, including dates and times of any occurrences, so that we can be as thorough as possible in our resolution

and response." *Id.* at 5. It also states that the inmate will receive a response no later than seven days after submission and provides a second step outlining the procedure for appeals following a dissatisfactory answer to the grievance. *Id.* at 6.

Grandpre is correct that his inmate handbook does not provide for a ninety-day deadline to file a grievance. Therefore, the issue that remains is whether he exhausted the administrative remedies available to him, in accordance with the Prison Litigation Reform Act of 1995, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Inmates need not exhaust all administrative remedies, however, but only those that are 'available' to them." *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (internal citations omitted). "Whenever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him." *Id.* at 294-95. The Fifth Circuit has held that a remedy may be unavailable if, among other things, prison authorities refuse to provide the prisoner with grievance forms needed; if an inmate did not discover their injuries until after leaving jail; if prison officials are unavailable or unwilling to provide any relief to aggrieved inmates despite what regulations or materials promise; if administrative schemes are so opaque that it is incapable of use by an ordinary prisoner; or if prison administrators thwart inmates from taking advantage of a grievance procedure through machination, misrepresentation, or

3

intimidation. *Baqer v. St. Tammany Par. Gov't,* No. 20-980, 2021 WL 1600246, at *4 (E.D. La. Apr. 23, 2021) (collecting cases).

An inmate's ignorance of a prison's grievance procedures does not excuse the inmate's noncompliance, but inmates should also have fair, reasonable opportunities for discovering the procedural rules governing their grievances. *Davis v. Fernandez*, 798 F.3d 290 (5th Cir. 2015); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir.2010); *see Aguirre v. Dyer*, 233 Fed. App'x. 365 (5th Cir. May 24, 2007) (unpubl.) (citation omitted); *Simkins v. Bridges*, 350 Fed. App'x. 952, 953–954, (5th Cir. Oct. 28, 2009) (unpubl.) (citation omitted); *Plaisance v. Cain*, 374 Fed. App'x. 560, 561, (April 15, 2010) (unpubl.) (citation omitted). In this case, the jail's procedural rules provided to Grandpre appear to either eliminate the ninety-day deadline included in the state statutes and administrative code or mislead inmates on the requirements to timely exhaust the grievance process.[1] Based on this record, there is "no reason that [Grandpre] should not be entitled to rely on the representations of his jailers." *Davis*, 798 F.3d at 296. Therefore, the first step of the jail's grievance process was unavailable to Grandpre, and dismissal on this basis alone was not warranted.

When reviewing a Magistrate Judge R&R, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Accordingly,

---

[1] When reviewing a magistrate judge's R&R, district courts must review *de novo* the actual evidence on objected-to findings and need not reject newly-proffered evidence simply because it was not presented to the magistrate judge. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). Because of this discretion, the Court will consider the new evidence attached to Grandpre's objections.

4

**IT IS HEREBY ORDERED** that this matter is recommitted to the Magistrate Judge for further consideration of the remaining issues.

New Orleans, Louisiana, this 4th day of April, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE