UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PETER A. GRANDPRE**  CIVIL ACTION

**VERSUS**  NO. 22-1923

**MARLIN GUSMAN, ET AL.**  SECTION: "J"(3)

## REPORT AND RECOMMENDATION

Defendants Deputy R. Johnson, Deputy L. Johnson, Jr., Deputy C. Clark, Deputy D. McDonald, Deputy M. Dozier, and Deputy D. Cruse (collectively, "Defendants") have filed a motion to dismiss (Rec. Doc. 14). Having considered the parties' memoranda, the record, and the applicable law, it is recommended that the defendants' motion be denied.

**I.  Background**

Plaintiff, Peter A. Grandpre, a state pretrial detainee, alleges claims arising from his incarceration at the Orleans Justice Center ("OJC") and the Louisiana State Penitentiary ("LSP").[1] Defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Defendants urged three arguments: (1) plaintiff's grievance was untimely; (2) plaintiff did not exhaust the administrative grievance process by filing a grievance appeal; and (3) plaintiff alleges only a *de minimis* injury.

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 14.

Plaintiff filed no response.³ A Report and Recommendation issued recommending that the motion be granted because plaintiff's grievance was untimely.⁴

Plaintiff objected to that Report and Recommendation.⁵ The United States District Judge declined to adopt that Report and Recommendation, concluding:

> An inmate's ignorance of a prison's grievance procedures does not excuse the inmate's noncompliance, but inmates should also have fair, reasonable opportunities for discovering the procedural rules governing their grievances. In this case, the jail's procedural rules provided to Grandpre appear to either eliminate the ninety-day deadline included in the state statutes and administrative code or mislead inmates on the requirements to timely exhaust the grievance process. Based on this record, there is no reason that Grandpre should not be entitled to rely on the representations of his jailers. Therefore, the first step of the jail's grievance process was unavailable to Grandpre, and dismissal on this basis alone was not warranted.⁶

The matter was recommitted to the United States Magistrate Judge to allow for consideration of Defendants' remaining arguments.⁷ On April 12, 2024, the matter was reallotted to the undersigned United States Magistrate Judge.⁸

---

³ Plaintiff later explained that he filed no opposition "due to being housed on 3-C pod lockdown segregation at the Orleans Justice Center and deprived of writing materials, legal documentation and other legal property." Rec. Doc. 27-1, p. 1.

⁴ Rec. Doc. 15.

⁵ Rec. Doc. 27.

⁶ Rec. Doc. 28, p. 4 (footnote, citations, quotation marks, and brackets omitted).

⁷ *Id.* at p. 5.

⁸ Rec. Doc. 29.

## II. Standard of Law

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is appropriate when a plaintiff has not pleaded enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A defendant may use a Rule 12(b)(6) motion to assert affirmative defenses, including non-exhaustion. Dismissal on that basis, however, is appropriate only if the defense is evident on the face of the complaint. *See Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *3 (5th Cir. Oct. 12, 2023). The party asserting an affirmative defense bears the burden to show that it applies. *See id.*

### B. The PLRA's Exhaustion Requirement

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*" *Jones v. Bock*, 549 U.S. 199, 202, (2007). The PLRA requires that a plaintiff complaining about prison conditions exhaust administrative grievance remedies before suing. *See id.* (citing 42 U.S.C. § 1997e(a)). Failure to exhaust, however, is an affirmative defense under the PLRA. *Id.*

3

at 216. Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.*

### III. Analysis

#### A. Defendants' exhaustion argument fails as a matter of law because it impermissibly requires plaintiff to allege facts rebutting an affirmative defense.

The defendants seek dismissal because plaintiff did not pursue the second, appellate step of the Administrative Remedy Procedure ("ARP").[9] Specifically, Defendants argue that "there is no evidence from the face of the Complaint that the second step of the process was completed and thus Plaintiff did not properly exhaust his claim."[10] But "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Dismissal under Rule 12(b)(6) is appropriate only when a plaintiff's own allegations demonstrate the affirmative defense of non-exhaustion. *See, e.g., Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *3 (5th Cir. Oct. 12, 2023) (citing cases).

The plaintiff's allegations do not demonstrate non-exhaustion. And, although the plaintiff attached grievance forms to his complaint, the attachments do not demonstrate that plaintiff failed to exhaust the process.[11] Further, these attachments

---

[9] Rec. 14-1, p. 5; *see id.* at pp. 6-7; *see also* La. Admin. Code tit. 22, § 325(J)(1)(b).

[10] Rec. Doc. 14-1, p. 7 (emphasis added).

[11] For example, a computer log attached to the complaint suggests that a grievance was filed on January 12, 2022, and inmate legal services provided the plaintiff with a "1983 form packet" on January 19, 2022. Rec. Doc. 1-1, p. 16. *See also* Rec. Doc. 27-1, p. 7 (discussing plaintiff's understanding of the role of the 1983 complaint form packet).

4

appear to be in response to instructions from a court-provided form.[12] The Fifth Circuit has repeatedly held that an inmate's responses to questions from the court, whether through a complaint form or *Spears* hearing, cannot justify dismissal for failure to state a claim based on non-exhaustion. *See, e.g.*, *McDonald v. Cain*, 426 F. App'x 332, 333 (5th Cir. 2011) ("The prohibition against requiring prisoners to affirmatively plead exhaustion has been further interpreted by this court to encompass questions in 'form complaint[s]' issued by district courts that are designed to elicit 'information about [a prisoner's] exhaustion of administrative remedies.'"); *see also Hamilton*, 2023 WL 6635076, at *3. Defendants' failure to identify allegations in the complaint demonstrating non-exhaustion requires the denial of their motion.

    **B.    Defendants' exhaustion argument also fails because of the District Court's prior ruling and because of a factual dispute.**

The District Court determined that the administrative grievance process was unavailable to plaintiff because "the jail's procedural rules provided to Grandpre appear to either eliminate the ninety-day deadline included in the state statutes and administrative code or mislead inmates on the requirements to timely exhaust the grievance process."[13] Given that the first step was unavailable, the issue of whether plaintiff would have pursued a second-step appeal is moot.

---

[12] Rec. Doc. 1-1, p. 14.
[13] Rec. Doc. 28, p. 4.

Further, the parties' competing assertions indicate that there is a factual dispute about whether the ARP applies to the plaintiff's claims.[14] The defendants contend that it does. But they cite no support for this position. And the plaintiff states that the ARP does not apply.[15] In support, he has provided putative sections from a Sheriff's Office handbook reflecting that a different grievance system may be in place at OJC.[16] This factual dispute further supports the denial of the motion.

### C. Plaintiff has alleged more than a *de minimis* injury.

In the alternative, defendants argue that plaintiff's excessive force claim should be dismissed because he has failed to allege that he suffered more than a *de minimis* injury.

The Fourteenth Amendment's Due Process Clause provides pretrial detainees with the right to be free from excessive force. *Boyd v. McNamara*, 74 F.4th 662, 667 n.3 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 562 (2024). To prevail on an excessive force claim, a detainee must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Whether force is objectively unreasonable requires consideration of context:

---

[14] The state's ARP states that "[o]ffenders housed in local jail facilities shall also be afford reasonable access to **a** grievance remedy procedure," La. Admin. Code tit. 22, § 325(C) (emphasis added), but it does not specify that the local jail facilities must use the state's ARP.

[15] *See* Rec. Doc. 27-1, pp. 6-7 and 9.

[16] Rec. Doc. 27-2, pp. 5-6.

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (emphasis added).

Relatedly, "the amount of injury required to prevail in an excessive force action depends on the context in which the injury occurs." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996) (emphasis added).[17] A plaintiff's injury must be evaluated in connection with the specific use of force in question. As the United States Fifth Circuit Court of Appeals explained:

> Generally, to maintain a claim for excessive force, a plaintiff need not demonstrate a significant injury, but the injury must be more than *de minimis*. *See Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005). Recently, this circuit has characterized the injury requirement as "a sliding scale, not a hard cutoff." *Buehler [v. Dear]*, 27 F.4th [969,] 982 [(5th Cir. 2022)]. This approach treats the degree of injury – even if minor – as interrelated to the reasonableness and excessiveness of the officer's force. "[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (alternation in original) (quoting *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013)).

---

[17] *Ikerd* and several of the other cases cited herein involved excessive force claims arising under the Fourth Amendment. The Fifth Circuit, however, "has treated the standards for Fourth and Fourteenth Amendment excessive force claims as interchangeable." *Austin v. City of Pasadena*, 74 F.4th 312, 322 n.4 (5th Cir. 2023).

7

*Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (emphasis added). Accordingly, whether a plaintiff's injuries are *de minimis* requires consideration of the overall context and reasonableness of the officer's actions. *See, e.g., Buehler*, 27 F.4th at 982; *Scott v. White*, 810 F. App'x 297, 300-01 (5th Cir. 2020); *Alexander*, 854 F.3d at 309.

Defendants appear to characterize plaintiff's excessive force claim as alleging only that his handcuffs were too tight.[18] But that characterization is inconsistent with the plaintiff's description of the force and resulting injuries. Plaintiff alleges that he "never put up any type of resistance" and did not "ever refuse any order because any was never given."[19] Plaintiff claims that, nonetheless, defendants used a shield to slam him into a steel door, slammed him to the floor, choked him, and used a knee to apply force and pressure to his back and shoulder.[20] *See Sam v. Richard*, 887 F.3d 710, 714 (5th Cir. 2018) ("[I]t was clearly established at the time of this incident that pushing, kneeing, and slapping a suspect who is neither fleeing nor resisting is excessive."). The alleged resulting injuries include bleeding, swelling, bruising, and cuts.[21]

*See id.* ("Viewing the facts and evidence in the most favorable light, Sam's alleged injuries—which include minor bleeding—meet *Alexander*'s 'some injury' test."). Plaintiff has alleged more than a *de minimis* injury.

---

[18] *See* Rec. Doc. 14-1, p. 8.
[19] Rec. Doc. 1, p. 20.
[20] *See, e.g.*, Rec. Doc. 1, pp. 15-16 and 20.
[21] *See, e.g.*, Rec. Doc. 1, pp. 16, 18, and 20-21.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion to dismiss filed by Deputy R. Johnson, Deputy L. Johnson, Jr., Deputy C. Clark, Deputy D. McDonald, Deputy M. Dozier, and Deputy D. Cruse, Rec. Doc. 14, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of May, 2024.

*[signature]*
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**