UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER A. GRANDPRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1923** |
| **MARLIN GUSMAN, ET AL.** | **SECTION: "J" (3)** |

## O R D E R

Considering "Plaintiff's Request for Waiver of Court's Fines and Fees," Rec. Doc. 36,

**IT IS ORDERED** that the motion is **DENIED** for the following reasons.

As to plaintiff's reference to "Fines," this is a civil action and no fines have been imposed. Therefore, in that respect, plaintiff's motion is moot.

As to plaintiff's reference to "Fees," the only fees that have been imposed in this case so far were those imposed in connection with his grant of pauper status. Those fees are required by federal law, which provides:

> (b)(1) … [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. **The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—**
>
> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) **After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.** The agency having custody of the prisoner shall forward payments from

>the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b) (emphasis added). Collection of those partial fees is therefore statutorily mandated and will not be waived. *See Miller v. Lincoln County*, 171 F.3d 595, 596 (8th Cir. 1999) (noting that the prisoner had cited no authority for a requested waiver and observing, "When it passed the Prison Litigation Reform Act (PLRA), Congress made the legislative determination that limiting the amount of filing fees paid from a prisoner's account to 20% of the previous month's income (after a $10.00 exclusion), *see* 28 U.S.C. § 1915(b)(2), adequately accommodated a prisoner's need for money for personal items."); *see also Peterson v. Creany*, 680 F. App'x 692, 699 (10th Cir. 2017) (denying requested waiver).

Lastly, to the extent that plaintiff is requesting that the Court prospectively waive any other fees for copies or services he might request in the future, such a blanket waiver is not warranted. If any such fee is applicable in the future, he may reurge his request for a waiver at that time. He will, however, be required to explain why the requested copy or service is necessary and why a waiver of the specific fee is warranted.

New Orleans, Louisiana, this 9th day of July, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**