## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PETER A. GRANDPRE**                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 22-1923**

**MARLIN GUSMAN, ET AL.**                           **SECTION: "J"(3)**

### REPORT AND RECOMMENDATION

In June 2022, plaintiff, Peter A. Grandpre, a state inmate, filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983.[1] In January 2024, he then amended his complaint to identify the John Doe defendant named in paragraph 34 of the complaint as Rashawn Barnaby.[2] Plaintiff further notified the Court that Barnaby "is now a security guard employee at University Medical Center New Orleans (UMCNO) and can be served summons by the United States Marshal at 2000 Canal Street, New Orleans, La 70112."[3]

When the United States Marshal attempted to effect service on Barnaby at that address, the attempt was unsuccessful. The unexecuted return filed into the record stated: "No longer employed at UMC."[4]

Therefore, on October 17, 2024, the undersigned United States Magistrate Judge issued an Order stating:

---

[1] Rec. Doc. 1.
[2] Rec. Docs. 20 and 22.
[3] Rec. Doc. 20, p. 2.
[4] Rec. Doc. 41.

The United States Marshal's unexecuted return for defendant Rashawn Barnaby states: "No longer employed at UMC." Rec. Doc. 41.

It is plaintiff's responsibility to provide all information necessary for the United States Marshal to effect service.

Accordingly,

**IT IS ORDERED** that, on or before **November 18, 2024**, plaintiff provide the Court with a proper address at which Rashawn Barnaby can be served. If plaintiff fails to comply with the Court's order and fails to show good cause for not doing so, his claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).[5]

Plaintiff did not comply with that Order. Accordingly, for the following reasons, the claims against Barnaby should now be dismissed.

In pertinent part, Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[6] Therefore, he was entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, did not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and **attempt to remedy any apparent service defects of which a plaintiff has**

---

[5] Rec. Doc. 42.
[6] Rec. Doc. 3.

**knowledge**." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis. Id.*

Here, the Rule 4(m) deadline has expired, and, despite the passage of an extensive period of time, plaintiff has not provided this Court or the United States Marshal with the accurate information necessary to effect service on Barnaby. The Court gave plaintiff notice of the fact that Barnaby was not served, as well as an opportunity to cure that defect. Nevertheless, he failed to cure the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve Barnaby resulted not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that his claims against Barnaby could be dismissed unless plaintiff provided the required information or showed good cause for failing to do so, plaintiff failed to respond to the Court's notice. Accordingly, dismissal of those claims is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Verdin v. Soignet*, Civil Action No. 23-02735, 2024 WL 1595703, at *7-8 (E.D. La. Jan. 16, 2024), *adopted*, 2024 WL 960388 (E.D. La. Mar. 6, 2024); *Pines v. St. Tammany Parish Prison*, Civ. Action No. 09-3113, 2009 WL 3347384, at *1-2 (E.D. La. Oct. 14, 2009).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Rashawn Barnaby be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 26th day of November, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**

4