UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER A. GRANPRE | CIVIL DOCKET |
| VERSUS | NO. 22-1923 |
| MARLIN GUSMAN ET AL. | SECTION: "J"(3) |

# ORDER

Before the Court is Plaintiff's *Motion for Extension of Time* **(Rec. Doc. 44)**. Plaintiff is a state inmate and filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 in June 2022. (Rec. Doc. 1). One and half years later, in January 2024, Plaintiff amended his complaint to identify Defendant John Doe as Rashawn Barnaby. (Rec. Docs. 20, 22).

As for service on Defendant Barnaby, summons has been issued twice, both returned unexecuted. (Rec. Docs. 23, 30, 34, 41). Defendant Barnaby was alleged to be a security officer at University Medical Center New Orleans (UMCNO) located on 2000 Canal Street, New Orleans, La. 70112. (Rec. Docs. 20, 22).

On January 30, 2024, the first summons was issued. (Rec. Doc. 23). On April 18, 2024, the summons returned unexecuted. (Rec. Doc. 30). The unexecuted return filed into the record states: "Unable to located doctor at above address. Legal Counsel would not accept." *Id.*

Following this, on May 7, 2024, the Court directed the Clerk to reissue summons for Defendant Barnaby to the U.S. Marshal for service at the following address: "Rashawn Barnaby, Security Guard, University Medical Center New

Orleans, 2000 Canal Street, New Orleans, LA 70112." (Rec. Doc. 33). As directed, the Clerk reissued summons on May 15, 2025. (Rec. Doc. 34). On October 17, 2024, summons was again returned unexecuted. (Rec. Doc. 41). The unexecuted return filed into the record stated: [Defendant Barnaby] "No longer employed at UMC." *Id.* That same day, the Court issued the following order:

> **IT IS ORDERED** that, on or before **November 18, 2024**, plaintiff provide the Court with a proper address at which Rashawn Barnaby can be served. If plaintiff fails to comply with the Court's order and fails to show good cause for not doing so, his claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

(Rec. Doc. 42). The Court's record reflects that Plaintiff failed to comply with the Order nor did Plaintiff file a motion for an extension of time to comply with the Order. Therefore, on November 27, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's claims against Rashawn Barnaby be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). (Rec. Doc. 43). Objections to the Report and Recommendations were due by December 11, 2024. *Id.*

The filing of the Report and Recommendation prompted Plaintiff to file this instant motion, requesting an extension of time "to allow the defendant(s) time to respond to discovery request, there failure to comply will result [in a filing of a] motion to compel discovery[1] pursuant to Rule 34(b) and 37(a) Fed. R. Civ. P." (Rec.

---

[1] The Court's record reflects that Plaintiff's filed a motion to compel (Rec. Doc. 21) which was denied, without prejudice to be asserted at an appropriate time. (Rec. Doc. 24). To date, Plaintiff has not filed a second motion to compel discovery requests. In this instant motion, Plaintiff states he "is in the process of discovery request with the defendant(s) for the 2nd time [which] the first request they fail to comply, which resulted to plaintiff to file a motion to compel." (Rec. Doc. 44, at 1).

Doc. 44, at 2). The Plaintiff "will request that the defendants provide [an accurate] address [ ] where Rashawn Barnaby can be served." *Id.*

First, the Court construes Plaintiff's *Motion for Extension of Time* (Rec. Doc. 44) as an objection to the Magistrate Judge's Report and Recommendation because Plaintiff is not requesting an extension of time of the December 11, 2024 opposition deadline, but instead, Plaintiff is requesting an extension of time for the allowance to make a discovery request to the already served Defendants for Defendant Barnaby's current address. Plaintiff's request is more akin to an objection.

Second, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 43), and the Plaintiff's objection/motion (Rec. Doc. 44), the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Peter A. Grandpre's objection is overruled, and the Magistrate Judge's Report and Recommendation (Rec. Doc. 43) is **APPROVED** and **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that the motion for extension of time to allow Defendants to produce an accurate address to Defendant Barnaby (Rec. Doc. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Rashawn Barnaby be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this 12th day of December, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE