UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER A. GRANDPRE | CIVIL ACTION |
| VERSUS | NO. 22-1923 |
| MARLIN GUSMAN ET AL. | DIVISION (3) |

## ORDER AND REASONS

Before the Court is Plaintiff's *Ex Parte* Motion to Withdraw Timothy B. Holder as Attorney by Peter A. Grandpre (R. Doc. 78). The motion is denied for the following reasons.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The matter of attorney withdrawal is entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (internal citations and quotations omitted). It is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause. *Broughten v. Voss*, 634 F.2d 880, 882–83 (5th Cir. 1981) (internal citations omitted).

Local Rule 83.2.11 provides for the procedure to withdraw:

> Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's

1

>telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made.

The Eastern District of Louisiana adopts the Rules of Professional Conduct of the Louisiana State Bar Association. *See* LR 83.2.3. Pursuant to Louisiana Rule of Professional Conduct 1.1.16(b), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client.

Plaintiff's motion to withdraw does not comply with the Local Rules. In his motion, Plaintiff fails to substitute counsel, attach a certificate of service on Peter A. Grandpre and opposing counsel, or include an affidavit stating why service has not been made.[1] Moreover, withdrawing at this late stage of litigation could prejudice Plaintiff. The pretrial conference is less than two weeks away[2] and the jury trial is less than six weeks away.[3]

Plaintiff's counsel cites a fundamental difference in how to proceed in the defense of the matter as good cause to withdraw.[4] But Plaintiff is not defending the case. Thus, Plaintiff's counsel's argument that there is good cause to withdraw fails. Moreover, there has been no showing of reasonable notice—particularly given

---

[1] R. Doc. 78.
[2] R. Docs. 61, 78.
[3] *Id.*
[4] R. Doc. 78 at 1.

2

counsel's failure to comply with the Local Rules, the age of the litigation, and the nearness of the trial date.

Accordingly,

**IT IS ORDERED** that the Motion (R. Doc. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel Timothy B. Holden appear by telephone for the settlement conference before the Honorable Michael B. North on **February 4, 2026, at 10:00 a.m.**

New Orleans, Louisiana, this 28th day of January, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE