UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER A. GRANDPRE | CIVIL ACTION |
| VERSUS | NO. 22-1923 |
| MARLIN GUSMAN ET AL. | DIVISION (3) |

**ORDER AND REASONS**

Peter A. Grandpre, proceeding *pro se*, filed this lawsuit on June 23, 2022.[1] Grandpre, who has been incarcerated for the duration of the litigation, brought numerous claims. The only ones that remain are for excessive force under § 1983.[2]

The parties consented to proceed before a U.S. Magistrate Judge. On April 17, 2025, attorney Timothy B. Holden enrolled as counsel of record for Grandpre.[3] On May 22, 2025, the Court issued a Scheduling Order setting a pretrial conference for February 9, 2026, and a jury trial for March 9, 2026.[4] On November 14, 2025, a telephone status conference was held to discuss issues related to trial.[5] During the status conference, the Court granted Holden's request for a one-week continuance of the trial date to allow additional time for trial preparation.[6]

On January 26, 2026, a Motion to Withdraw Timothy B. Holden as Attorney was filed.[7] The motion violated multiple requirements of the Local Rules and

---

[1] R. Doc. 1.
[2] R. Docs. 5, 31.
[3] R. Doc. 55.
[4] R. Doc. 61.
[5] R. Doc. 72.
[6] *Id.*
[7] R. Doc. 78.

1

appeared to refer to the defense of a criminal case, rather than the civil lawsuit in which Grandpre is a plaintiff.[8] On January 28, 2026, the motion was denied for multiple reasons, including its failure to provide evidence of service on Grandpre and the potential prejudice associated with withdrawal at the late date.[9]

On February 4, 2026, a settlement conference was conducted before the Hon. Michael B. North, U.S. Magistrate Judge.[10] Holden participated in the settlement conference.[11] Although negotiations were productive, no resolution could be reached.[12]

Neither party appeared at the pretrial conference on February 9, 2026, and they also failed to submit a pretrial order. Accordingly, the Court issued an Order to Show Cause as to why counsel and their clients should not be sanctioned under the Court's inherent authority.[13] The parties were ordered to submit memoranda by February 12, 2026, and a hearing was set for February 24, 2026.[14] The order specifically required Holden to personally appear at the hearing.[15] Defense counsel submitted a memorandum in satisfaction of the show-cause order and were excused from attending the hearing.[16] On February 20, 2026, the Court issued a separate

---

[8] *Id.*
[9] R. Doc. 80.
[10] R. Doc. 81.
[11] *Id.*
[12] *Id.*
[13] R. Doc. 82.
[14] *Id.*
[15] *Id.*
[16] R. Docs. 83 and 85.

order reiterating that Holden must personally appear on February 24, 2026.[17] On the same day, the Court issued an order instructed Grandpre to locate substitute counsel or elect to proceed *pro se* by March 9, 2026.[18] Also that day, the Court issued an order continuing Grandpre's jury trial to June 1, 2026, based on Holden's failure to participate in the pretrial conference, submit a pretrial order, or file any memorandum showing cause for his failure to appear.[19] Holden ultimately failed to appear at the show-cause hearing on February 24, 2026, in violation of two orders requiring his personal appearance.

In summary, after settlement negotiations fell through, Holden abandoned Grandpre's case shortly before trial. There is no indication that Holden has communicated relevant developments to Grandpre since the conclusion of the settlement conference. Holden's actions in this matter warrant greater review than a case-specific sanction. Indeed, the gravity of Holden's misconduct and the resulting threat of harm perhaps could warrant an interim suspension. The above-captioned matter, however, appears to be Holden's sole case in the U.S. District Court for the Eastern District of Louisiana such that there is no need for immediate intervention by the court en banc.[20] Thus, the undersigned is providing a copy of this Order and

---

[17] R. Doc. 85.
[18] R. Doc. 86.
[19] R. Doc. 87.
[20] By separate Order, the Court is requiring Defendants to provide a current address for Grandpre, after which the Clerk of Court will provide to Grandpre by mail copies of the Court's recent orders in this case.

Reasons to the Lawyer Disciplinary Committee for the U.S. District Court for the Eastern District of Louisiana and the Office of Disciplinary Counsel.

Accordingly,

**IT IS ORDERED** that the Court vacates its prior order (R. Doc. 80) and **GRANTS** the Motion to Withdraw Timothy B. Holden as Attorney of Record (R. Doc. 78).

**IT IS FURTHER ORDERED** that Defendants are to file a notice of Grandpre's current address on or before February 26, 2026. Upon receipt of that information, the Clerk of Court is to mail Grandpre copies of all documents filed in the record beginning with R. Doc. 78 and continuing through the day before the mail is sent.

**IT IS FURTHER ORDERED** that Peter A. Grandpre must file a motion to enroll new counsel or file a written statement indicating that he intends to represent himself in this matter no later than **Friday, March 27, 2026**.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **Tuesday, April 7, 2026, at 10:00 a.m.,** before the undersigned judge. Parties are to participate in the conference by dialing (833) 990-9400 and entering Call ID 590722428.

New Orleans, Louisiana, this 24th day of February, 2026.

                                              EVA J. DOSSIER
                              UNITED STATES MAGISTRATE JUDGE